# BRIGNOLE, BUSH AND LEWIS
### ATTORNEYS AND COUNSELLORS AT LAW

TIMOTHY BRIGNOLE*
DAVID W. BUSH
JOHN C. LEWIS III
———
KEVIN F. BRIGNOLE
MARIO CERAME
WILLIAM C. ANDERSON

*National Certification
as Civil Trial Attorney

73 WADSWORTH STREET
HARTFORD, CONNECTICUT 06106
(860) 527-9973
FAX (860) 527-5929
attorneys@brignole.com

January 15, 2020

REGIONAL OFFICES:
NEW BRITAIN:
25 ARCH STREET
NEW BRITAIN, CT 06052
(860) 223-4900
———
GRANBY:
261 SALMON BROOK STREET
GRANBY, CONNECTICUT 06035
(860) 653-5222

The Honorable Michael P. Shea
United States District Judge for the District of Connecticut
450 Main Street – Room 217
Hartford, Connecticut 06103

Re:   **Emergency Motion for TRO or Preliminary Injunction**
      *Mucaj et al. v. University of Connecticut et al.*, **3:20-cv-66 (MPS)**

Dear Judge Shea,

His Honor's standing orders direct that if there is a legitimate need for immediate attention to a motion, counsel should accompany the chambers' copy with a brief cover letter explaining the need. This is such a letter.

In the briefest of terms, without immediate relief, the plaintiffs probably will not have a place to live on or near campus after the January 17, 2020 2:00pm hearing, impugning their physical welfare and academic performance, and also suffer other infringement of the freedom of speech.

**Background**
The plaintiffs are two UConn. students being punished by the school for allegedly uttering a racial slur. The alleged utterance was part of a drunken game using taboo words—words not directed at any individual, and unaccompanied by violence or a threat of violence. The incident was captured on video. The video and videographer confirm that the slur was indiscernible without digital amplification.

A third student participated in the game generally, but did not utter the racial slur.

The dean of students reported the incident to university police, which resulted in arrests of the plaintiffs. The school itself commenced an investigation too. A school conduct officer found that the students violated school policy concerning "Disruptive Behavior" for what the school calls " or a "bias incident." The conduct officer also found that, among other things, the plaintiffs' student housing rights should be terminated. She told the students they could acquiesce and accept her finding or challenge them by way of a hearing. On January 8, 2020, the school informed the plaintiffs that such a hearing would be conducted on January 17, 2020 at 2:00pm, whereby the conduct officer would seek to have her finding affirmed. Discipline from the hearing goes into **immediate** effect.

The similarly situated third student faced no charges, criminal or otherwise. His conduct was entirely the same as the plaintiffs' except that he did not utter the racial slur.

The enforcement action of the school violates the consent decree in *Wu v. University of Connecticut*, CV H-89-649 (PCD) (January 25, 1990).

### The Harm Plaintiffs Suffer Without Immediate Action

Here, infringement is both occurring and threatened. **Without immediate relief, the students probably will not have a place to live on or near campus after the January 17, 2020 2:00pm hearing.** The students' housing is threatened, and thereby their physical welfare, their access to the school environment, their academic performance in their final semester.

The students' freedom of speech is harmed and will continue to be harmed without immediate action. In addition, the harm to the freedom of speech extends far. Not only are all students at UConn. watching the case with interest, but students across the country are. If a state school is permitted to exercise unchecked censorship power against offensive speech, that chills the speech of all students at state schools. Finally, the order in *Wu* is being violated by enforcement concerning speech without violence or threat of violence. The present case is a direct violation of that order, and the Court should not permit a flagrant disregard for its order.

In First Amendment cases, irreparable harm is presumed. The seminal case is *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673 (1976), where even though a party was only *threatened* with discharge from employment, preliminary injunctive relief was appropriate.

### Communications with Opposing Counsel

Suit was filed January 14, 2020 and service will be rendered to the school on January 15, 2020.

The undersigned has communicated with opposing counsel frequently concerning the situation. General Counsel to the school and the undersigned have exchanged cell phone numbers to facilitate rapid communication. Undersigned spoke about the case with the attorney general's office yesterday and on previous occasions. The issue of a TRO and the perceived necessity of preliminary injunctive relief has been raised on multiple occasions. The undersigned has tried in good faith to be transparent about the intended trajectory of the case to avoid surprise.

Ex parte relief may nonetheless be necessary given the exigent circumstances, at least to stabilize the situation until a proper hearing for a preliminary injunction can be obtained.

Yours sincerely,

Mario Cerame

Brignole, Bush & Lewis LLC
73 Wadsworth Street
T: 860.527.9973
C: 607.351.3820