**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RYAN MUCAJ and<br>JARRED KARAL,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF CONNECTICUT,<br>THOMAS KATSOULEAS,<br>MICHAEL GILBERT,<br>ELEANOR DAUGHERTY,<br>MAUREEN ARMSTRONG,<br>ALEXANDRA KYTAN, and<br>KIM COLON,<br><br>    Defendants. | No. 3:20cv66 (MPS)<br><br>January 16, 2020 |

## TEMPORARY RESTRAINING ORDER

On January 15, 2020, Plaintiffs filed an "Emergency Motion for Temporary Restraining Order or Preliminary Injunction." (ECF 10.) The Court heard argument at 4:00 pm on January 16, 2020. As set forth herein, the Court grants the Plaintiffs' Motion for Temporary Restraining Order.

"[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets either of two standards: '(a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor.'" *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635 (2d Cir. 2019), *cert. granted*, No. 19-760, 2019 WL 6797733 (U.S. Dec. 13, 2019). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *Rush v. Hillside Buffalo, LLC*, 314 F. Supp.3d 477, 484 (W.D.N.Y. 2018).

I.      Irreparable Harm

Based on the facts alleged in the complaint, the Plaintiffs' affidavits, and the documents submitted in support of the motion, the Plaintiffs have demonstrated that they will suffer irreparable harm should the disciplinary hearing proceed, specifically, from the chilling effect on speech and from the potential disciplinary sanction of the loss of their campus housing.  The email from UCONN's general counsel to Plaintiffs' counsel also makes clear that the harm is imminent, because it states that any sanctions imposed at the conclusion of or following the hearing will be effective immediately and will not be stayed if Plaintiffs appeal the hearing officers' decision.

II.     Sufficiently Serious Questions Going to the Merits to Make Them a Fair Ground for Litigation and Balance of Hardships/Equities

The plaintiffs allege that they are being disciplined solely because of their First Amendment protected speech.  On the record before the Court, the movants have demonstrated "sufficiently serious questions going to the merits to make them a fair ground for litigation." *Trump*, 943 F.3d at 673 (quoting *Kelly v. Honeywell International, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019)).

In addition, the Plaintiffs have demonstrated that the balance of hardships tips "decidedly" in their favor should injunctive relief be denied.  Any hardship the University defendants might suffer by postponing the hearing until after a preliminary injunction hearing is held is clearly outweighed by the injuries the Plaintiffs will sustain, including the loss of their housing, if injunctive relief is not granted.

III.    Public Interest

Finally, the requested injunctive relief is in the public interest.  "[S]ecuring First Amendment rights is in the public interest." *New York Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013).

Accordingly, it is HEREBY ORDERED that the defendants, their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them, are ENJOINED from conducting the Plaintiffs' disciplinary hearing scheduled for January 17, 2020, and are further ENJOINED from imposing any disciplinary sanctions against the Plaintiffs stemming from the October 11, 2019 incident including, without limitation, termination of the Plaintiffs' campus housing, until the Court rules on the Plaintiffs' alternative motion for preliminary injunction following a hearing scheduled for January 28, 2020.

Because the record before the Court includes no suggestion that the Defendants will incur monetary harm as a result of this order, the Court finds that no security is warranted. Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          January 16, 2020 at 5:30 p.m.

3