# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MUCAJ, *et al.* | : | Civil Case 3:20-CV-00066 (MPS) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, *et al.* | : | |
| *Defendants* | : | FEBRUARY 13, 2020 |

## STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The defendants The University of Connecticut ("UConn"), Thomas Katsouleas, Michael Gilbert, Eleanor Daugherty, Maureen Armstrong, Alexandra Kytan and Kim Colon (the "state defendants") respectfully submit the following answer and affirmative defenses.

1.  The defendants deny they engaged in any retaliation or discrimination of any kind. As to the balance of the paragraph, defendants lack sufficient information and therefore leave the plaintiffs to their proof.

2.  The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

3.  The defendants deny that any allegations the plaintiffs violated the Student Code were based on alleged racial slurs, and that the University has determined with finality that the plaintiffs violated the Code's disruptive behavior provision. As to the balance of the paragraph the defendants lack sufficient information and therefore leave the plaintiffs to their proof.

4.  It is admitted only that the Community Standards investigator recommended a finding of violation of the disruptive behavior provision of the Student Code and recommended, but only to the students themselves, that an appropriate remedy could be removal from campus housing; the balance of the paragraph is denied.

5.   Denied.

6.   The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

7.   The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

8.   The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

9.   The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

10.  It is admitted only that this Court is authorized to issue such relief where warranted, subject to the limitations imposed by the Eleven Amendment to the U.S. Constitution and principles of qualified immunity. As to the balance, the defendants lack sufficient information and therefore leave the plaintiffs to their proof.

11.  It is admitted only that this Court is empowered to order payment of reasonable attorneys' fees under Section 1988 where warranted, subject to the limitations of the Eleventh Amendment to the U.S. Constitution and principles of qualified immunity. As to the balance, the defendants lack sufficient information and therefore leave the plaintiffs to their proof.

12.  Admitted.

13.  Admitted.

14.  Admitted.

15.  Admitted.

16.  Admitted.

17.  It is admitted that Mr. Gilbert is the Vice President for Student Affairs and that he is sued in his official capacity only. It is admitted only that the Office of Community Standards within the Division of Student Affairs is charged with administering the Student Code.

18.  Admitted.

19.  Admitted.

20.  Admitted.

21.  Admitted.

22.  Admitted.

23.  Admitted.

24.  Admitted.

25.  The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

26.  The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

27.  Admitted.

28.  It is admitted only that the subject consent decree reads in part as alleged.

29.  It is admitted only that the subject consent decree reflects adherence to the "fighting words" First Amendment principle where the facts and circumstances indicate that that principle is applicable.

30.  It is admitted only that the subject consent decree reads in part as alleged.

31.  The defendants lack sufficient information and therefore leave the plaintiffs to their proof.

32.  Denied.

33.  Denied.

34.  Admitted.

35.  Admitted.

36.  Admitted.

37.  Admitted.

38.  It is denied that Defendant Daugherty received the video from a student. The balance of the paragraph is admitted.

39.  It is admitted only that the video depicts three students yelling. It is denied that the video reveals the students were inebriated, or establishes, by itself, that they were playing a game involving offensive words. As to the balance of the paragraph, the defendants lack sufficient information and therefore leave the plaintiffs their proof.

40.  Admitted.

41.  Denied.

42.  It is admitted only that Ms. Daugherty reported the matter to the University Police for possible review. The balance of the paragraph is denied.

43.  Denied.

44.  Denied.

45.  Denied, including any allegations that Ms. Daugherty's action were in any respect retaliatory.

46.  It is admitted only that the UConn Office of Community Standards began an investigation into whether or not the Plaintiffs had violated the Student Code.

47.  It is admitted only that the investigatory process engaged in by Ms. Kytan involved,

among other activities, interviews with relevant persons, including Messrs. Mucaj and Karal. It is denied that these interviews were "hearings."

48.   It is admitted only that the interviews were a part of the investigation. It is denied that any part of the investigation was intended to or did sanction any protected speech.

49.   Admitted.

50.   Denied.

51.   It is admitted only that Ms. Kytan had a meeting with Mr. Karal on or about October 23, 2019. It is denied that that meeting was a hearing.

52.   It is admitted only that Ms. Kytan had a meeting with Mr. Mucaj on or about October 25, 2019. It is denied that that meeting was a hearing.

53.   It is admitted only that in these meetings or interviews the students were informed about the investigatory process, their options with respect to participation in the process, and the general nature of the alleged behavior(s) leading to the investigation.

54.   Denied.

55.   It is admitted only that Mr. Mucaj's attorney, at the conclusion of Ms. Kytan's November 20, 2019 meeting with Mr. Karal, via a letter, claimed that any investigation would violate the First Amendment. The balance of the paragraph is denied.

56.   Denied.

57.   It is admitted only that on or about November 1, 2019 Ms. Kytan interviewed Mr. Mucaj as part of the investigation. The balance of the paragraph is denied.

58.   It is admitted only that on or about November 4, 2019 Ms. Colon interviewed Mr. Karal as part of the investigation. The balance of the paragraph is denied.

59.   Admitted.

60. Denied.

61. It is admitted only that on November 13, 2019, Karal attended a conference with the School of Nursing to discuss an allegation that he engaged in behavior that violated the School of Nursing's professional standards of conduct. The conference was requested by Karal and held in accordance with UConn's Procedures on Student Discipline, Dismissal and Appeal Process from Professional/Clinical Programs. It is denied that this was an "investigative hearing." Had Karal not requested a conference, the matter would have been scheduled for a hearing.

62. It is denied that the Nursing School "declined to substantively continue the investigation past the initial investigative interview." At the conclusion of the November 13, 2019 conference, the Director of the Undergraduate Nursing Program determined that Karal's behavior had not violated the School of Nursing's professional standards of conduct. This determination was based on a number of factors, including that the behavior did not take place in the context of a class or clinical setting. The balance of the paragraph is admitted.

63. It is admitted only that such description was automatically populated by the software used by the Office of Community Standards, reflecting how the incident was initially reported by others to the Office of Community Standards. It is denied that Ms. Kytan authored such description or endorsed it, or that her ultimate findings and recommendations reflected any such determination.

64.  Admitted.

65. Admitted.

66. Because the phrase "essentially identical" is unclear, the defendants lack sufficient

6

information and therefore leave the plaintiffs to their proof.

67.  It is admitted only that investigator Kytan made an initial determination based on a preponderance of the evidence that the disruption provision of the Student Code had likely been violated. The balance of the paragraph is denied, including that Ms. Colon was part of such determination and that Ms. Armstrong was Ms. Kytan's supervisor.

68.  It is admitted only that investigator Kytan made an initial determination based on a preponderance of the evidence that the disruption provision of the Student Code had likely been violated. The balance of the paragraph is denied.

69.  It is admitted only that investigator Kytan made an initial determination based on a preponderance of the evidence that the disruption provision of the Student Code had likely been violated, and that the relevant provision of the Student Code reads as alleged.

70.  It is admitted only that investigator Kytan made an initial determination based on a preponderance of the evidence that the disruption provision of the Student Code had likely been violated, and that her recommendation was that removal from campus housing was warranted.

71.  Admitted, except it is denied that Ms. Kytan's investigative activities constituted "hearings" or that the administrative hearing option as outlined in the Student Code would constitute "another" hearing.

72.  It is admitted only that Ms. Kytan informed the students that if they were found "responsible" under the Student Code, and the sanction of removal from housing was deemed appropriate by the hearing officer(s), such sanction would go into effect immediately. It is denied that any of Ms. Kytan's investigatory actions constituted

"hearings," and the balance of the paragraph is denied.

73.  It is admitted only that Ms. Kytan informed the students that if they were found

"responsible" under the Student Code, and the sanction of removal from housing was

deemed appropriate by the hearing officer(s), such sanction would go into effect

immediately.

74.  Admitted.

75.  Admitted.

76.  Admitted.

77.  Admitted.

78.  Admitted.

79.  Denied.

80.  Denied.

81.  It is admitted only that on or about December 30, 2019, the defendants informed the

plaintiffs that the hearing would take place the week of January 13, 2020, and their

availability or preference for a date in that week was sought. Plaintiffs each finally

responded on January 6, 2020, and each indicated they were only available Friday,

January 17, 2020; on January 8, 2020, the plaintiffs were provided with written notice

that the hearing was scheduled for January 17, 2020. It is denied that any recommended

sanctions from Ms. Kytan's findings and recommendations would have been sent to the

hearing officer(s).

82.  Denied.

83.  Denied.

84.  Denied, including any implication that the students' conduct amounted to protected

speech.

85.   It is admitted only that UConn was poised to move forward with the hearing requested

by the students.

86.   Admitted.

87.   It is denied that plaintiffs have a right to live on campus; rather, living on campus is a

privilege, not a right. The balance of the paragraph is also denied.

88.   Denied.

89.   Denied.

90.   Defendants' responses to this paragraph are incorporated by reference from their

previous responses.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied, including any implication that the consent decree is or has been disregarded.

101.  Denied.

102.  Denied.

103.  Defendants' responses to this paragraph are incorporated by reference from their

previous responses.

104. Denied.

105. Denied.

106. Denied.

107. Defendants' responses to this paragraph are incorporated by reference from their previous responses.

108. Denied, including any implication that Ms. Armstrong played any role in the investigatory process.

109. Denied, including any implication that Ms. Armstrong played any role in the investigation process.

110. Defendants' responses to this paragraph are incorporated by reference from their previous responses.

111. Denied.

112. Denied.

113. Defendants' responses to this paragraph are incorporated by reference from their previous responses.

114. Denied, including any implication that Ms. Armstrong played any role in the investigatory process.

115. Denied.

116. It is denied plaintiffs are entitled to any relief.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against the University are barred by the Eleventh Amendment to the U.S. Constitution.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages against the state officials and employees sued in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution.

THIRD AFFIRMATIVE DEFENSE

The defendants sued in their individual capacities are entitled to qualified immunity.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

DEFENDANTS,
UNIVERSITY OF CONNECTICUT, et al.
WILLIAM TONG
ATTORNEY GENERAL

BY: /s/ Ralph E. Urban
  Ralph E. Urban
  Assistant Attorney General
  Federal Bar No. ct00349
  ralph.urban@ct.gov
  Office of the Attorney General
  165 Capitol Avenue
  Hartford, CT  06106
  Tel: (860) 808-5210
  Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that on February 13, 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

  /s/ Ralph E. Urban
  Ralph E. Urban