UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MUCAJ, et al. | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:20-cv- 00066 (MPS) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, et al. | : | |
| *Defendants* | : | MARCH 16, 2020 |

## DEFENDANTS' REPLY MEMORANDUM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

In their Proposed Findings of Fact and Conclusions of Law (Docket No. 31) ("PPFF") (dated March 2, 2020, but actually filed untimely on March 3, 2020), plaintiffs assert the University's disciplinary investigation was based on "plaintiffs' utterance of a racial slur on October 11, 2019," and that "the investigation was not particularly concerned with how loud the students were, nor the time of day." PPFF 1, 2, 7  The evidence simply does not support such assertions. Ms. Kytan expressly noted that the witnesses described the plaintiffs' use of the word "penis" as "loud," "yelled as loudly as possible," and was admitted by Mr. Karal to constitute "shouting," which disrupted the living environment of the residents of the dormitory in the early morning hours. Defendants' Proposed Findings of Fact 7, 8, 12, 14, 15 ("DFF 7, 8, 12, 14, 15") Ms. Buda testified unequivocally that the yelling of "penis" in the middle of the night, having awoken or disturbed other students, was enough to result in disciplinary investigation and sanctions, the issue being the loud disturbance at an inappropriate time. DFF 44  Ms. Kytan was entirely candid in noting that in fact it was not clear how loud the "n" word was used, and whether anyone was targeted by its use, undermining the plaintiffs' use of the "n" word as a basis for proposed disciplinary sanctions, and undercutting plaintiffs' claim that they are being retaliated against for the offensive nature of the "n" word they employed. DFF 2, 16

Plaintiffs also fall back on the "regarding" lines of various email correspondence between the police and others and Community Standards ("CS"). PPFF 7  In so doing plaintiffs conveniently ignore paragraph 6 of Ms. Kytan's affidavit, which establishes that such "re" lines did not control or influence the outcome of her investigation. DFF 20  All of us who daily employ email correspondence know from common experience that once a "re" line has been established by the initial email correspondent, very rarely do later participants alter such "re" lines, regardless of the content of the messages that ensue in that email trail.

In arguing that in yelling the word "penis," the word is protected in and of itself, plaintiffs assert this was expressive activity on a par with the paintings of Jackson Pollock, the music of Arnold Schoenberg or the prose of Lewis Carroll. PPFF 14  Leaving aside such dubious assertions, plaintiffs ignore that even protected speech can be reasonably regulated as to time, place and manner, including on college campuses, which need not tolerate lewd, indecent or obscene speech. Defendants' Proposed Conclusion of Law 6, 7, 8, 9 ("DCL 6, 7, 8, 9")

Attempting to circumvent the holding and reasoning of *Nieves v. Bartlett*, 139 S.Ct. 1715, 1726 (2019), plaintiffs claim the *Nieves* Court in dicta appeared to carve out an exception to the rule that if probable cause for arrest existed, the First Amendment retaliation claim must fail. PPFF 18  However, Ms. Buda's detailed testimony, which plaintiffs concede was supported by "copious" evidence (PFF 8), established that the University routinely disciplines students for being disruptive, particularly at inappropriate places and times, as it sought to do here. DFF 22 to 30  This same testimony also undermines, in light of the holding of *Hartman v. Moore*, 547 U.S. 250, 263 (2006), any claim by the plaintiffs that it was objectively unreasonable for the University to seek disciplinary sanctions against them. DCL 3, 4  Quite to the contrary, Ms. Buda's testimony, and the exhibits presented through her, established without contradiction that

when incidents are reported to CS as "bias" incidents, if the expressive activity is unaccompanied by other underlying misconduct, such matters *do not* proceed down a disciplinary track, but rather are handled as strictly educational matters. DFF 31 to 41

The defendants respectfully urge the Court to deny the motion for preliminary injunction and enter appropriate orders as set forth in defendants' March 2, 2020 filing (Docket No. 30).

>DEFENDANTS
>
>UNIVERSITY OF CONNECTICUT, et al.
>
>WILLIAM TONG
>ATTORNEY GENERAL
>
>BY: /s/ Ralph E. Urban
>Ralph E. Urban
>Assistant Attorney General
>ct00349
>165 Capitol Avenue
>Hartford, CT  06106
>Tel:  (860) 808-5210
>Fax: (860) 808-5385
>Email:  ralph.urban@ct.gov

## **CERTIFICATION**

I hereby certify that on March 16, 2020, a copy of the foregoing Defendants' *Reply Memorandum in Opposition to Motion for preliminary Injunction* was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>/s/ Ralph E. Urban
>Ralph E. Urban
>Assistant Attorney General