**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RYAN MUCAJ, et al. | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:20-cv- 00066 (MPS) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, et al. | : | |
| *Defendants* | : | APRIL 27, 2020 |

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER OF**
**APRIL 20, 2020 AND PLAINTIFFS FILING OF APRIL 17, 2020**

The defendants respectfully submit this memorandum in response to this Court's order dated April 20, 2020 (No.37) and the plaintiffs' filing dated April 17, 2020 (No.36).

In its most recent order the Court instructs the defendants to respond to three questions, namely: i) whether the University of Connecticut ("UConn") expects to reopen its dormitories this semester; ii) whether the University expects to impose any other sanctions or take any further action against the plaintiffs as a result of the events in the early morning hours of October 11, 2019 that led to the investigatory findings and recommended sanctions that are the subject of the complaint; and iii) whether the plaintiffs' motion for a preliminary injunction should be denied as moot.

The first question is easily addressed. The University has closed its dormitories for the balance of this semester, and given the parties understand that both plaintiffs expect to graduate after this semester, the housing issue is indeed moot.

Answers to the other two questions require further discussion.

With respect to the second question, the two disciplinary matters, as reflected by the admitted evidence, reflect that as of the date of this Court's temporary restraining order ("TRO") dated January 16, 2020 (No. 14), Ms. Kytan, the University investigator, had concluded her

investigation and had written up and provided to the plaintiffs her findings and recommended sanctions. Defendants' Proposed Finding of Fact 18 and 19 ("DFF 18, 19") (No.30). Plaintiffs -- having rejected the option of attending an administrative conference at which case resolution forms would have been executed thereby ending the matter -- perforce under the Student Code thereby elected the option of a hearing. Then, of course, plaintiffs filed this lawsuit seeking to halt the hearing, which was in turn halted by the TRO. *Id.*; January 29, 2020 Hearing Transcript at pages 21, 26 ("T. 21, 26").

The complaint and the motions for preliminary relief in this matter make it abundantly clear that plaintiffs do not wish any administrative hearing on the investigator's findings and recommendations to go forward. Defendants interpret this as a waiver of plaintiffs' right under the Student Code to such a hearing. Indeed, they cannot interpret it otherwise. This leaves the proposed findings and recommendations in effect as the last word on these matters. While the complaint at paragraph 4 notes the proposed housing sanction "was among other things [sanctions]," at paragraph 88 the complaint refers to the "imminent harm" allegedly justifying preliminary relief as the threat of the "sanction," singular, thereby referring to the housing sanction only. The other two recommended sanctions were a warning, which requires no further elucidation, and an educational component, about which the Court heard detailed testimony. DFF 34, 35; T. 25, 27, 28. Given that the plaintiffs will no longer be students after the end of this semester when they graduate, the warning and the educational component are of no practical consequence, since neither the warning(s) nor the educational component (even if not completed) would be reported to any academic institutions they applied to in the future, and thus could only be learned of through Internet searches, which would themselves have yielded no information but for the publicity surrounding plaintiffs' filing of the lawsuit. DFF 48; T. 37. While under

controlling State law UConn cannot erase or destroy the investigator's findings and recommendations (see Conn, Gen. Stat. § 11-8a), under the Family and Educational Rights and Privacy Act, 20 U.S.C §§ 1232g, *et seq*. and its regulations, these records would not be disclosed absent the plaintiffs' written consent, subject to certain limited exceptions (34 CFR §§ 99.30 - 99.31); the Connecticut Freedom of Information Act incorporates FERPA's protections. Conn. Gen. Stat. § 1-210(b)(17).  This leaves the only potential consequence as arising only if the plaintiffs apply to a UConn program in the future, at which point the failure to complete the educational component may need to be addressed.

This Court in its recent order cites to *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 126-27 (2d Cir.2020), which held that for a case to be moot, it must be clear that the allegedly wrongful behavior could not be reasonably expected to recur. Here, the complaint's allegations of wrongful behavior refer to the conduct of the University's investigation, and the allegedly wrongful risk of loss of University housing. Complaint, paragraph 4. While the defendants deny they engaged in any wrongful conduct, they also do not believe it can be reasonably expected that these plaintiffs would again be the subject of UConn's disciplinary processes or any loss of University housing. Only plaintiffs can know whether they might ever apply to UConn in the future, but that unlikely contingency need not be the subject of preliminary injunctive relief from this Court. *City of Los Angeles v. Lyons*, 461 U.S. 95, 110-11 (1983). Given these facts, in answer to the third question, the defendants believe plaintiffs' claim for preliminary injunctive relief is moot.

       DEFENDANTS

       UNIVERSITY OF CONNECTICUT, ET AL.

       WILLIAM TONG
       ATTORNEY GENERAL


BY: /s/ Ralph E. Urban
   Ralph E. Urban
   Assistant Attorney General
   ct00349
   165 Capitol Avenue
   Hartford, CT  06106
   Tel: (860) 808-5210
   Fax: (860) 808-5385
   Email:  ralph.urban@ct.gov


## **CERTIFICATION**

 I hereby certify that on April 27, 2020, a copy of the foregoing *Defendants' Response to the Court's Order of April 20, 2020 and Plaintiffs' Filing of April 17, 2020* was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


       /s/ Ralph E. Urban
       Ralph E. Urban
       Assistant Attorney General