UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN MUCAJ et al.                              :

v.                                             :         3:20-cv-66 (MPS)

UNIVERSITY OF CONNECTICUT et al.               :         AUGUST 11, 2020

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: January 14, 2020.

Date Complaint Served: January 15, 2020.

Date of Defendant's Appearance: January 16, 2020.

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and Local Rule 16 and 26, a conference was held on July 31, 2020.  The participants were: Mario Cerame, Esq. for the Plaintiff and Assistant Attorneys General Mary Lenehan, Esq. and Ralph Urban for the Defendants.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. Subject Matter Jurisdiction

The Parties agree that jurisdiction rests on 28 U.S.C. §§ 1331 and 1343 as a matter of federal question jurisdiction.

B. Personal Jurisdiction

.

## III. BRIEF DESCRIPTION OF CASE

This is a civil rights action in five counts against the defendants.  Each count alleges that the defendants violated the plaintiffs' First Amendment rights as well as the court order and consent decree entered in *Nina Wu v. University of Connecticut*, CV H-89-649 (PCD) (January 25, 1990).

A. Brief Statement of Plaintiffs' Claims

The Plaintiffs allege that based on uttering an "offensive word," a racial slur, the school found that they violated the school policy prohibiting "Disruptive Behavior." The Plaintiffs further claim violation of the court order and consent decree in *Nina Wu v. University of Connecticut*, CV H-89-649 (PCD) (January 25, 1990). Specifically, the Plaintiffs allege that the actions by the defendants constitute "enforcing . . . any other policy that interferes with the exercise of First Amendment rights by . . . any other student, when the exercise of such rights is unaccompanied by violence or the imminent threat of violence." *Id.*

B. Defenses and Claims

The Defendants' response to the plaintiffs' claims is that the plaintiffs lack standing to enforce the consent order; the actions taken did not violate the plaintiff's First Amendment rights or the Consent Decree; any claims for injunctive and declaratory relief are moot given that the Plaintiffs are no longer students at the University; any claims against the University or any of the state officials in their official capacities are barred by the Eleventh Amendment; any

2

claims for injunctive and declaratory relief against any employees in their individual capacities are barred; any claims for damages against state officials in their individual capacities are barred by the doctrine of qualified immunity.

### IV. STATEMENT OF UNDISPUTED FACTS

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  It is the parties' position that many material facts are in dispute at this time.  The parties state that additional discovery will be needed before they can stipulate to facts more completely.

### V. CASE MANAGEMENT PLAN

A. Initial Disclosures

Initial Disclosures will be served by September 1, 2020.

B. Scheduling Conference with the Court

The parties do not request to be excused from a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The Parties are both amenable to settlement.

   The Plaintiffs believe settlement will not be obtained unless the parties have a shared understanding as to the fundamental black-letter law as to the legal showings and burdens required of each party in a case

   like this.  The Parties do not have such a shared understanding at this time.  The Parties mutually certify that they are working in good faith to obtain such a shared understanding, if one can be had.

   2. At this time, the Parties do not request an early settlement conference or referral to alternative dispute resolution pursuant to Local Rule 16.  The parties will reevaluate the appropriateness of alternative dispute resolution as information continues to be shared.

D. Joinder of Parties and Amendment of Pleadings

   1. The Plaintiffs should be allowed until September 4, 2020 to file motions to join additional parties and until September 4, 2020 to file motions to amend the pleadings.  The Plaintiffs recognize the validity of some of the claims by the Defendants as to the Eleventh Amendment; the Plaintiffs' position is that the Eleventh Amendment does not apply to enforcement of the *Wu* order.

   2. The Defendants should be allowed until September 30, 2020 to file motions to join additional parties and until September 30, 2020 to file a response should the Plaintiffs file and the court grant a motion to amend the Complaint.

D. Discovery

   1. The parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

   Plaintiffs' Position:

The Plaintiffs request a 180 day extension of the court's present discovery deadline of July 15, 2020 to provide appropriate time for anticipated discovery (January 11, 2021). The reason for this is because availability of parties and technical expertise for electronic discovery is unclear during the COVID-19 emergency. Discovery is anticipated to be principally electronic and in the form of depositions. In addition, the Plaintiff is optimistic as to an alternative to litigation to resolve the case, and this time will afford the kind of flexibility that may be required to coordinate schedules in this ongoing public health emergency.

The Plaintiffs do not anticipate a need for expert testimony.

2. The parties anticipate that discovery will be needed on the following subjects, without limitation:

a. the factual circumstances of the incident itself, including, but not limited to, the volume of speech, the behaviors of the plaintiffs, the disturbance created for other students in the area; the training afforded to school officials concerning compliance with the consent decree and First Amendment rights of students;regarding ???, the nature and extent of an official or unofficial supervisory relationship between the school administration and the school police, the awareness of school officials and staff as to the court order and what actions were taken to ensure compliance, what actions were taken in response to the ACLU-CT 2015 letter reminding the administration as to obligations to comply

5

      with the court orde, what actions if any have been taken against other students who uttered speech bereft of a racial slur in at time, in a manner, and at a place analogous to that of the Plaintiffs in this case, and communications concerning the incident amongst the administration and police department.

b. All discovery will be completed by January 11, 2021.

c. Discovery will not be conducted in phases.

d. The parties propose discovery as follows:

   Mindful that discovery may modify these expectations, the parties anticipate that the Plaintiffs will require approximately five or six depositions of fact witnesses and that the Defendants will require two to five depositions of fact witnesses.  The depositions will commence by October 1, 2020 and be completed by January 11, 2021.

e. The parties will not request permission to serve more than 25 interrogatories.

f. The parties do not anticipate calling experts to testify at trial.

g. A damages analysis will be provided by September 30, 2020.

h. The Parties anticipate having to conduct electronic discovery. Undersigned counsel have or shall discuss by August 30, 2020, the disclosure and preservation of electronically stored information with their clients, including the form in which such data shall be produced, search terms or other techniques to be used in connection with the retrieval and production of such information, the location and format of

6

>   electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.
>
>   i.  The parties agree to the following procedures for the preservation, disclosure and management of such information:  If any party believes that it has received a document that the receiving party believes may be privileged, the receiving party will immediately contact the producing party and alert counsel of the potential disclosure of privileged material.  The Parties agree to work cooperatively to come to an agreement on whether the document produced is subject to protection.  Should the parties not agree, the document at issue will be deemed to be privileged until a determination is made by the Court.

E. <u>Other Scheduling Issues</u>

At this time, the parties are not aware of any scheduling issues that warrant attention from the Court.

F. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before April 9, 2021.

G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 28, 2021.

VI. **<u>TRIAL READINESS</u>**

The case will be ready for trial on or after July 9, 2021.

As officers of the Court, undersigned counsel agree to continue to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| **PLAINTIFFS,** | **DEFENDANTS,** |
| By Their Attorneys, | By Their Attorney, |
| | |
| /s/ Mario Cerame | /s/ Mary K. Lenehan |
| Mario Cerame | Mary K. Lenehan |
| Federal Bar No. ct30125 | Federal Bar No. ct15436 |
| Brignole, Bush & Lewis | Connecticut Attorney General's Office |
| 73 Wadsworth Street | 165 Capitol Ave., PO Box 120 |
| Hartford, CT 06106 | Hartford, CT 06141-0120 |
| Phone: (860) 527-9973 | Phone: 860-808-5210 |
| Fax: (860) 527-5929 | Fax: 860-808-5385 |
| mario@brignole.com | mary.lenehan@ct.gov |
| | |
| August 11, 2020 | August 11, 2020 |

## **CERTIFICATION**

      I hereby certify that August 11, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*For the Plaintiff:*

                                                    /s/ Mario Cerame ct30125