UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MUCAJ et al. | : | |
| v. | : | 3:20-cv-66 (MPS) |
| UNIVERSITY OF CONNECTICUT et al. | : | AUGUST 8, 2020 |

## MEMORANDUM CONCERNING LOCAL RULE 26(f) SANCTIONS

On July 28, 2020, the Court ordered the undersigned to provide a "written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties' failure to comply with Local Rule 26(f)." This is that statement. Attorney Mario Cerame accepts full responsibility for the mistake.

## BACKGROUND

The Complaint in this case was filed January 14, 2020. Defense Counsel filed a notice of appearance on January 16, 2020. A conference as required by Rule 26(f) did not occur by February 15, 2020, and a commensurate report was not filed by February 29, 2020.

On May 15, 2020, AAG Ralph Urban sent Attorney Cerame a courtesy email reminding him of the obligations to have a 26(f) conference and the expectation that such a conference be initiated by the Plaintiff.

On July 28, 2020, the Court issued the order that is the genesis of this memorandum. Further facts are set forth as necessary.

## RELEVANT LEGAL STANDARDS

"Rule 37 allows the court to impose a variety of sanctions for discovery-related abuses and affords the court broad discretion in fashioning an appropriate sanction." *Gulley v. Semple*, No. 3:16-CV-425 (MPS), at *1 (D. Conn. Mar. 16, 2017) (2017 WL

1025168) (internal quotation marks omitted).

"Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance. . . .  In addition, sanctions under Rule 37 are intended to serve three purposes: (1) they ensure that a party will not benefit from its own failure to comply, (2) they are specific deterrents and seek to obtain compliance with the particular order issued, and (3) they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault."  *Mirlis v. Greer*, No. 3:18-CV-2082 (MPS), at *1 (D. Conn. Oct. 2, 2019) (2019 WL 4855214) (internal quotation marks omitted).

## **POSITION OF PLAINTIFFS' COUNSEL**

Attorney Cerame recognizes the failure to comply with Rule 26(f) and accepts full responsibility for it.  As such, what follows is not a plea to excuse the failure to comply, but only to explain it.

Attorney Cerame is substantially more experienced in state court than in federal court.  Although a number of rules are similar, as a matter of course, discovery and discovery deadlines in state court are more relaxed than in federal practice.  This is the principal basis of Attorney Cerame's error in failing to comply with Rule 26(f).

In addition, during the COVID-19 crisis, Attorney Cerame's sole support staff was reassigned to another attorney.  Attorney Cerame accepts that he is the responsible

2

individual as concerns compliance with Rule 26 deadlines.  He would have ordinarily, however, relied on his support staff to help him track matters and deadlines like the one at issue here.  This staff change contributed to his error.

## **DISCUSSION**

There is good reason to believe a verbal reprimand is sufficient to serve the interests of justice as to sanctions.  The four common factors for consideration tend to weigh against imposing a more severe sanction.  The violation was not willful but based in ignorance and a mistake.  Attorney Cerame has previously demonstrated that he responds quickly to direction to correct error of procedure, and so a lesser sanction is likely to be effective.  See ecf. entry 9 and related filings.  Although the duration of non-compliance was substantial, the correction was timely when apprised of the consequences for non-compliance.

In addition, a heavy sanction does not meaningfully serve the purposes of Rule 37 sanctions.  No party benefits from the error.  There is no reason to believe a lesser sanction is an inadequate specific deterrent here.  Although a general deterrent interest may be furthered by a substantial sanction, a severe sanction here could comparatively dilute the efficacy of similar sanctions where conduct is more egregious.

## **CONCLUSION**

For the foregoing reasons, the Court should give a verbal reprimand for the failure to comply with the deadline.

| | |
|---|---|
| **PLAINTIFFS,**<br>By Their Attorneys, | **DEFENDANTS,**<br>By Their Attorney, |
| /s/ Mario Cerame<br>Mario Cerame<br>Federal Bar No. ct30125<br>Brignole, Bush & Lewis<br>73 Wadsworth Street<br>Hartford, CT 06106<br>Phone: (860) 527-9973<br>Fax: (860) 527-5929<br>mario@brignole.com | /s/ Mary K. Lenehan<br>Mary K. Lenehan<br>Federal Bar No. ct15436<br>Connecticut Attorney General's Office<br>165 Capitol Ave., PO Box 120<br>Hartford, CT 06141-0120<br>Phone:  860-808-5210<br>Fax:  860-808-5385<br>mary.lenehan@ct.gov |
| August 11, 2020 | August 11, 2020 |

## **CERTIFICATION**

      I hereby certify that August 11, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*For the Plaintiff:*

                                        <u>/s/ Mario Cerame ct30125</u>
                                        Mario Cerame