CALENDAR AND SETTLEMENT CONFERENCE ORDER

A settlement conference with Judge Martinez is scheduled for **September 18, 2020 at 11am.** The conference will be held via Zoom teleconference, details for which will be emailed. Counsel and the parties should prepare for the conference to continue through the remainder of the day.

I.   PARTIES WITH FULL AUTHORITY MUST ATTEND. The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party who is fully authorized to decide all matters pertaining to the case shall be present at the conference. The court will not hold a settlement conference without all parties present. In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower. The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case

during the settlement conference without consulting anyone not present.  The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference.  Requests to excuse attendance are rarely granted.  Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions. See Nick v. Morgan's Foods, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000).  Counsel are ordered to advise their respective clients and insurance company representatives of the Nick decision.  Not later than 14 days before the conference, counsel shall disclose to one another a list of all those who will be attending the conference, including their job titles.

    II.    DISCOVERY.  Prior to the settlement conference, the parties should have completed the discovery that counsel deem necessary for a productive settlement conference, including initial disclosures required by Fed. R. Civ. P. 26(a)(1).

    III.    EXCHANGE OF OFFERS AND DEMANDS.  Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own.  The parties are encouraged to commence negotiations prior to the settlement conference.

    IV.    CONFERENCE MEMORANDA.  Not later than 7 days prior to

the conference each party shall submit an *ex parte*, confidential conference memorandum.  The memorandum shall be double spaced in no less than 12 point font and shall not exceed 10 pages.  It shall include the following: (A) a list of the claims and defenses; (B) the legal elements of the claims and defenses; (C) the evidence in support of the claims and defenses; (D) a damages analysis, including an indication of areas of disagreement[1] among the parties, if any; (E) a discussion of the strengths and weaknesses of the case; (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; (G) a summary of any insurance coverage, including whether the terms of the policy exclude any parties or claims; (H) a summary of any outstanding liens, including the lien amount, the lienholder, and any expected compromise of the lien; (I) settlement negotiations to date; (J) a discussion of the parties' incentives and impediments to settlement; and (K) a list of all those who will attend the conference, including job titles if pertinent to the case.  Short exhibits may be appended to the *ex parte* memorandum with the

---

[1] The parties are expected to have provided to one another "a computation of each category of damages claimed." See Fed.R.Civ.P. 26(a)(1)(A)(iii).  To efficiently utilize time during the conference, not less than 7 calendar days prior to their submission of *ex parte* memoranda, counsel shall confer regarding damages analyses to eliminate disagreements, particularly in areas that lend themselves to arithmetic computation (e.g., back pay, medical expenses).

court's permission."

Counsel shall submit their *ex parte* memoranda by email to DFM_settlement@ctd.uscourts.gov (please note: DFM [underscore] settlement@uscourts.gov [no period]).

V.   REQUESTS PERTAINING TO THE CONFERENCE. Any requests pertaining to the conference shall be made in writing to the email address above. Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

VI.  DUE DATES REMAIN IN PLACE. Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery or other due dates.

SO ORDERED.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge