**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RYAN MUCAJ, et al. | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:20-cv- 00066 (MPS) |
| v. | : | |
| UNIVERSITY OF CONNECTICUT, et al. | : | |
| *Defendants* | : | JANUARY 6, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO STAY DISCOVERY**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants University of Connecticut, ("UConn"), Eleanor Daugherty, in her individual capacity, Alexandra Kytan, in her individual capacity, Kim Colon, in her individual capacity, and Megan Buda, in her individual capacity, through counsel, hereby move for an order staying all discovery in this matter pending resolution of the defendants' Motion to Dismiss filed simultaneously with this motion on January 6, 2021, (the "Motion to Dismiss"). [Dkt. # 61].   The Motion to Dismiss raises subject matter jurisdiction, personal jurisdiction and immunity defenses and seeks the dismissal of the Amended Complaint in its entirety.

**I. ARGUMENT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed.R.Civ.P. 26(c). "In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted).  Where a motion to dismiss raises an immunity defense, as in this case, "good cause" is shown and discovery must be stayed.

1

The United States Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 663, 685, 129 S. Ct. 1937, 1953-54 (2009), that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses. "The basic thrust of … [an immunity] doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id.* at 685. An immunity defense "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.' ' *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996), citing *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Second Circuit has agreed stating that "immunity protects the official not just from liability but also from suit on such claims, thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing a trial." *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999). Therefore, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In this case, the defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6), to dismiss the Amended Complaint, in whole or for in part, on the grounds of lack of personal jurisdiction, inadequate service of process, lack of subject matter jurisdiction, Eleventh Amendment immunity, qualified immunity and failure to state a claim upon which relief can be granted. *See* Def. Mem. Supp. Mot. Dismiss. [Dkt. # 61-1]. Given that the defendants have raised subject matter jurisdiction, personal jurisdiction, and immunity defenses which, if successful, are intended to protect them not only from liability, but from the burdens of pretrial discovery, discovery must be barred until the court resolves the jurisdictional question and rules on the Motion to Dismiss.

If this court were to analyze the factors that courts in this district often consider when determining whether or not a stay is appropriate, the result would be the same.  These factors are: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-CV-1223(VLB), 2016 WL 10490528, at *1.  These factors weigh in favor of a stay in this case.

First, the Motion to Dismiss sets forth compelling arguments as to why the Amended Complaint should be dismissed in its entirety.  "Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " *In re Currency Conversion Fee Antitrust Litig.,* No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (internal citations omitted).   The Motion to Dismiss and accompanying memorandum set forth substantial grounds with strong legal foundations as to why the complaint should be dismissed on the grounds of subject matter jurisdiction, personal jurisdiction, Eleventh Amendment immunity and qualified immunity.

Second, given that the defendants have raised the issue of immunity from suit, not just from liability, *any* discovery requirements prior to ruling on such a claim are, per se, a substantial burden.  The immunity doctrines, when applicable, are intended to protect the defendants from any such distractions from government duties.  To allow any discovery to proceed while the Motion to Dismiss is still pending exposes the defendants to discovery requests to which they are immune.

Finally, a stay will not prejudice the plaintiffs. Each of the defendants' proffered grounds for dismissing the action pose strictly legal questions, and discovery is not necessary to rebut the defendants' arguments. The Motion to Dismiss is dispositive and legal determinations on these issues will not be altered by discovery.

## II. CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court stay all discovery in this action pending resolution of the Motion to Dismiss. [Dkt. # 61].

          DEFENDANTS

          WILLIAM TONG
          ATTORNEY GENERAL

BY:   /s/ Mary K. Lenehan
      Mary K. Lenehan
      Assistant Attorney General
      Federal Bar No. ct15436
      165 Capitol Avenue
      Hartford, CT  06106
      Tel:  (860) 808-5210
      Fax: (860) 808-5385
      Email: mary.lenehan@ct.gov

## **CERTIFICATION**

I hereby certify that on January 6, 2021, a copy of the foregoing *Memorandum of Law in Support of the Defendants' Motion to Stay Discovery* was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ Mary K. Lenehan
          Mary K. Lenehan
          Assistant Attorney General